IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**BRIAN HILL, JASON MATHIS, and**                          **PLAINTIFFS**
**CRUZ VASQUEZ, Each Individually and**
**on behalf of All Others Similarly Situated**

vs.                          No. 4:22-cv-518-ALM

**FRITO-LAY, INC.**                                           **DEFENDANT**

## RESPONSE TO MOTION TO TRANSFER VENUE
## OR, IN THE ALTERNATIVE, TO STAY

Defendant's Motion to Transfer Venue or, in the Alternative, to Stay ("Motion to Transfer"), ECF No. 8, must be denied. Defendant's primary basis for its request to transfer Plaintiffs' claims is the alleged similarity between the current case and *Stevens v. PepsiCo, Inc.*, Case No. 7:22-cv-802-NSR (S.D.N.Y.). While *Stevens* and this case share a Defendant and some claims, this lawsuit should proceed in this venue. Plaintiffs should be permitted to pursue their claims in this forum because it is Defendant's national headquarters and requiring Plaintiffs to pursue their claims across the country is unduly prejudicial. Moreover, Plaintiffs will opt out of any *Stevens* settlement as soon as they are permitted to do so.

    **A. The First-To-File Rule should not be applied.**

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). That power, however, "is not a mandate directing wooden application of

Page 1 of 4
Brian Hill, et al. v. Frito-Lay, Inc.
U.S.D.C. (E.D. Tex.) Case No. 4:22-cv-518-ALM
Response to Motion to Transfer Venue or, in the Alternative, to Stay

the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988); *see also Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 627–28 (9th Cir. 1991) (collecting cases). "District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Univ. of Pa.*, 850 F.2d at 972.

"As between federal district courts, the general principle is to avoid duplicative litigation, and the concern is to avoid the waste of duplication, to avoid rulings that may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Granado v. Quality Energy Servs.*, 2016 U.S. Dist. LEXIS 20060, at *3 (W.D. Tex. Feb. 18, 2016). If the district court finds that the issues substantially overlap with a previously-filed case, the court should not dismiss the case, but rather transfer the case to the court in which the previous case was filed "to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* at *3–4; *Cadle Co.*, 174 F.3d at 606.

Courts have long recognized that "plaintiffs' choice of forum should rarely be disturbed 'unless the balance is strongly in favor of the defendant.'" *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). *See also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("[A] plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute."). In fact, "courts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising" their

Page 2 of 4
Brian Hill, et al. v. Frito-Lay, Inc.
U.S.D.C. (E.D. Tex.) Case No. 4:22-cv-518-ALM
Response to Motion to Transfer Venue or, in the Alternative, to Stay

discretion to deny plaintiff's chosen forum. *Burt v. Isthmus Dev. Co.*, 218 F.2d 353, 357 (5th Cir. 1955).

While this case and *Stevens* are certainly similar, Plaintiffs should be permitted to pursue their claims in the forum of their choice provided the Court has jurisdiction to hear the claims, which this Court does. Plaintiffs have no ties to New York, and any travel requirement in the resolution of *Stevens* would be unduly burdensome on Plaintiffs. As such, Plaintiffs fully intend to opt out of any theoretically forthcoming recovery in *Stevens*. Further, aside from the obvious fact that Defendant is a large company with employees everywhere, Defendant has no specific ties to New York. Plaintiffs have sued Defendant in the district in which its corporate headquarters sits. Defendant therefore cannot claim Plaintiffs' choice of forum is inconvenient or burdensome.

### B. The Court should not stay this case pending the resolution of *Stevens*.

Principles of fair play and justice dictate that Plaintiffs be permitted to pursue their claims outside of *Stevens*. The *Stevens* case contains allegations encompassing almost 20 defendants and plaintiffs strewn across the United States. As such, Stevens is already bloated and unwieldy due to its sheer size, and any forthcoming resolution will take an inordinate amount of time. Plaintiffs should not be required to wait on the resolution of *Stevens* before pursuing their claims against their single employer.

Alternatively, should the Court grant Defendant's request for a stay pending Plaintiffs' refusal to participate in Stevens, Plaintiffs respectfully request that this Court toll the statute of limitations on the putative collective for the duration of the stay.

**Page 3 of 4**
Brian Hill, et al. v. Frito-Lay, Inc.
U.S.D.C. (E.D. Tex.) Case No. 4:22-cv-518-ALM
Response to Motion to Transfer Venue or, in the Alternative, to Stay

C. Conclusion

While this case and *Stevens* share similarities, this Court should decline to apply the first-to-file rule and allow Plaintiffs to pursue their claims in the forum of their choice. Defendant will not be inconvenienced in litigating claims in the district in which its headquarters sits, and Plaintiffs will not be permitted to pursue their claims efficiently while in a convenient forum.

Respectfully submitted,

**BRIAN HILL, JASON MATHIS and CRUZ VAZQUEZ, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, on September 2, 2022, using the electronic case filing system of the Court. The attorneys listed below are registered to receive an electronic copy hereof.

Alison R. Ashmore, Esq.
Elizabeth A. Voss, Esq.
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
aashmore@dykema.com
evoss@dykema.com                                    */s/ Josh Sanford*
                                                                           **Josh Sanford**

Page 4 of 4
Brian Hill, et al. v. Frito-Lay, Inc.
U.S.D.C. (E.D. Tex.) Case No. 4:22-cv-518-ALM
Response to Motion to Transfer Venue or, in the Alternative, to Stay