**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BRIAN HILL, JASON MATHIS and | § | |
| CRUZ VASQUEZ, Each Individually and | § | |
| on Behalf of All Ohers Similarly Situated, | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| v. | § | **4:22-cv-00518** |
| | § | <u>**COLLECTIVE ACTION**</u> |
| FRITO-LAY, INC. | § | |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE OR, IN
THE ALTERNATIVE, TO STAY**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

The Court should apply the first-to-file rule, which necessarily involves a single inquiry:

whether this case and the *Stevens* case are substantially similar.  If the cases are substantially

similar, there is no further analysis and transfer is proper.  As explained more fully in Defendants'

Motion to Transfer Venue or, in the Alternative, to Stay (Dkt. 8), and as acknowledged by Plaintiffs

in their response thereto (Dkt. 12), this case and the *Stevens* case are substantially similar.

Consequently, transfer to the first-filed court is warranted.

<u>**ARGUMENT AND AUTHORITIES**</u>

**A.  No Exception to the First-to-File Rule Exists in this Case.**

Plaintiffs baldly assert that the Court should not apply the first-to-file rule without offering

any legal support for their conclusion.  Plaintiffs rely upon *EEOC v. Univ. of Penn*, 850 F.2d 969,

980 (3d Cir. 1991) for the principle that courts can disregard the first-to-file rule when there are

rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping.  Plaintiffs

fail, however, to argue or otherwise explain the applicability of *EEOC* to this case to justify their

conclusion.  In *EEOC*, unlike the current case, the court found "exceptional circumstances"

justifying a departure from the first-to-file rule when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum.  This type of anticipatory suit is an established exception to the application of the first-to-file rule.  *See, e.g., St. Paul Fire & Marine Ins. Co. v. R&Q Reinsurance Co.*, No. 15-5528, 2016 U.S. Dist. LEXIS 72136, at * 11-12 (E.D. Penn. June 2, 2016) (using *EEOC* to explain that "[t]he anticipatory filing exception generally applies when the first-filing party knows that a lawsuit by the other party is imminent" and institutes suit in another, less favorable forum).  Plaintiffs do not argue that the anticipatory filing exception applies in this case, nor do they articulate any facts to show that the *Stevens* suit was filed in New York in anticipation of Plaintiffs' imminent suit as a means of avoiding this forum.  Further, Plaintiffs do not identify any other allegedly applicable exceptions to the first-to-file rule, such as inequitable conduct, bad faith, or forum shopping, nor do they articulate any facts supporting that such circumstances exist.  Accordingly, the first-to-file rule should be applied in this case.

### B.  No Other Circumstances Bar Application of the First-to-File Rule.

Plaintiffs appear to argue that the first-to-file rule should be disregarded and that Defendant's Motion should be analyzed only based on certain factors relevant under 28 U.S.C. § 1404, namely the deference to be afforded Plaintiffs' choice of forum and the alleged convenience of Plaintiffs.  In this case, to the extent Plaintiffs' choice of forum is accorded deference, the weight accorded to the choice is diminished, as Plaintiffs' case involves a putative class or collective action[1] and Plaintiffs have filed outside their home forum.  *See, e.g., Alaniz v. Liberty Life Assur. Co. of Boston*, No. 1:18-CV-297, 2018 U.S. Dist. LEXIS 246358, at *13-15

---

[1] If, however, Plaintiffs opted to proceed independently instead of as a collective class then the instant case may not necessarily "substantially overlap" with *Stevens* such that the first-to-file rule may not compel transfer.

(E.D. Tex. Oct. 3, 2018) ("Plaintiff's choice of forum is accorded deference, but when [he] files suit outside [his] home forum, the weight accorded to the choice is diminished.") (citations and quotations omitted); *Abreu v. Pfizer, Inc.*, No. 21-62122, 2022 U.S. Dist. LEXIS 117144, at \*27-29 (S.D. Fla. June 22, 2022) (explaining that the plaintiff's choice of forum in a putative class action is entitled to less-than-usual deference).  Further, Plaintiffs have made no showing beyond bare conclusions that they would be inconvenienced by transferring this case to the first-filed court.

Plaintiffs conclude, without supplying any legal analysis in support of their position, that this Court should retain this case because Defendant is headquartered in this forum and because it would be unduly prejudicial for Plaintiffs to pursue their claims in the first-filed court.  *Pls.' Resp.* at (Dkt. 12).  Notwithstanding the fact that "unduly prejudicial" is not a relevant or applicable standard, particularly in light of the applicability of the first-to-file rule, Plaintiffs fail to explain how they would be prejudiced by litigating their claims in New York versus Texas, when they are residents of neither forum (Hill is a resident of Arkansas, Mathis is a resident of Arizona, and Vasquez is a resident of Oregon).  *Pls.' Orig. Compl. – Collective Action* at 2 (Dkt. 2).

Plaintiffs also supply non-binding case law analyzing motions to dismiss for *forum non conveniens* based upon wildly distinguishable facts.  Specifically, Plaintiffs cite *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.,* 382 F.3d 1097, 1104 (11th Cir. 2004), which involved a contract dispute between parties from different countries.  In analyzing the foreign defendant's motion to dismiss for *forum non conveniens*, the court held, "there is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." That analysis is wholly inapplicable to the instant case.  Defendant is not seeking dismissal for *forum non conveniens*, nor does Defendant seek to deprive United States citizens their right to an

American forum.  Plaintiffs have supplied no authority to suggest that *SME Racks* presents a relevant or applicable standard, nor have they applied any case law to the facts at hand to suggest that this Court must retain this case because it would be more convenient to Plaintiffs.  Also, as noted above, Plaintiffs are residents of neither New York nor Texas.

### C.  This Case Should Be Transferred Under the Fist-to-File Rule.

The case law is clear.  A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule.  *Stannard v. Nat'l Indoor RV Centers, LLC,* No. 4:18- CV-00366, 2018 U.S. Dist. LEXIS 127012, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999)). This role is to decide whether the moving party in the second-filed court has demonstrated a "substantial overlap" between the two suits.  *Id.*  If the moving party satisfies this overlap requirement, the second-filed court allows the first-filed court to "resolve the question of whether both [cases] should be allowed to proceed." *Id.*  Plaintiffs concede in their Response that "*Stevens* and this case share a Defendant and some claims" and that "this case and *Stevens* are certainly similar".  *Pls.' Resp.* at 3 (Dkt. 12).  In fact, there is complete overlap between *Stevens* and this case and the first-to-file rule is particularly appropriate in the face of competing collective actions, as is the case here.

### CONCLUSION

Plaintiffs have not established any reason that the first-to-file rule should not apply in this case and have conceded that this case is substantially similar.  Accordingly, the first-to-file rule should be applied, and the Court should grant Defendant's Motion to Transfer Venue.

Dated:  September 9, 2022

Respectfully submitted,

*/s/ Alison R. Ashmore*
**Alison R. Ashmore**
Texas Bar No. 24059400
**Elizabeth A. Voss**
State Bar No. 24075160
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas  75201
Telephone:     (214) 462-6400
Facsimile:  (214) 462-6401
Email: AAshmore@dykema.com
Email:  EVoss@dykema.com

**ATTORNEYS FOR DEFENDANT
FRITO-LAY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2022, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will serve a true and correct copy

of the foregoing document to the following counsel of record:

*/s/ Alison R. Ashmore*
**Alison R. Ashmore**